## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ERIC STARR

     **Plaintiff,**

vs.                                  Case No.: 6:20-cv-01044-GAP-EJK

**LEGACY PROPERTY MANAGEMENT OF FLORIDA, LLC,** a Florida limited liability company; **LEGACY GROUP OF ORLANDO, LLC,** a Florida limited liability company; **LAKE KATHRYN MOTEL, LLC,** a Florida limited liability company; and **MOHAMAD R. MUSLEEM,** individually.

     **Defendants.**

_____

### SETTLEMENT AGREEMENT AND RELEASE OF
### FAIR LABOR STANDARDS ACT CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made this 15th day of November 2021, by and between ERIC STARR ("Plaintiff") and Defendants LEGACY PROPERTY MANAGEMENT OF FLORIDA, LLC; LEGACY GROUP OF ORLANDO, LLC; LAKE KATHRYN MOTEL, LLC; and MOHAMAD MUSLEEM (collectively the "Defendants") (all together the "Parties"

1

Doc ID: d5e4c2d6ac7770d9

and individually "Party").

WHEREAS, Plaintiff filed the above-referenced case for unpaid overtime compensation and minimum wage which was allegedly due to him pursuant to the Fair Labor Standards Act of 1938, 29 §201, *et seq.* ("FLSA") and Florida statutes.

WHEREAS, Defendants deny the relief sought and liability alleged by the claims asserted by the Plaintiff; and

WHEREAS, Plaintiff and Defendants wish to avoid additional prolonged litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned Parties that the above-styled case is hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RELEASE OF FLORIDA STATUTE AND FAIR LABOR STANDARD ACT CLAIMS**.

a. This Agreement shall constitute a waiver and release of overtime and minimum wage claims Plaintiff might have under the

Doc ID: a67802e6528acc668a4fdbb9a6d2f32aa48105baf

FLSA and Florida statutes against Defendants.

b.     Upon execution of this Agreement, the Parties shall immediately file the Joint Motion for Approval of Settlement and Dismissal with Prejudice with the Court, attached hereto as Exhibit "A."

c.     Plaintiff hereby knowingly and voluntarily releases Defendants of and from all claims brought for overtime compensation and minimum wage under the Fair Labor Standards Act and Florida statutes.

3.   **CONSIDERATION**.

a.     If (1) Plaintiff delivers to Defendants an executed copy of this Agreement, a W-4 form executed by Plaintiff, a W-9 form executed by Plaintiff, and a W-9 form executed from Plaintiff's counsel; and (2) the Court approves this Agreement and dismisses the case, with prejudice, then, within twenty-one (21) calendar days and fifty-one (51) calendar days respectively, Plaintiff shall receive from Defendants a total of Seventy Thousand and 00/100 Dollars ($70,000),  as well as Sixty-Five Thousand and 00/100 Dollars ($65,000) due to Plaintiff's Counsel's Trust account as separately negotiated attorneys fees, as follows:

A.     Installment # 1: (paid not later than 21 days from

3

the date the Court dismisses the Parties' litigation) shall consist of:

i.    Check # 1 for $35,000.00 made payable to Eric Starr in wages for overtime and minimum wage compensation allegedly due pursuant to the FLSA and Florida Statues with taxes withheld pursuant to Plaintiff's IRS Form W-4;

ii.    Check # 2 to "Bober & Bober, P.A." for $32,500.00, made payable to Bober & Bober, P.A., as attorneys' fees and costs and for which separate IRS Forms 1099 shall issue to Bober & Bober, P.A., due 21 days from the date the Court dismisses the litigation, *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis,* 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

B.    Installment # 2: (paid not later than 51 days from the date the Court dismisses the Parties' litigation) shall consist of:

i.    Check # 1 for $35,000.00 made payable to Eric Starr for liquidated damages allegedly due pursuant to the

4

Doc ID: a67302a652f8eac668a44db9afd2f32aa48101baf

FLSA and Florida Statutes for which separate IRS Forms 1099 shall issue to Eric Starr;

ii. Check # 2 to "Bober & Bober, P.A." for $32,500.00, made payable to Bober & Bober, P.A., as attorneys' fees and costs and for which separate IRS Forms 1099 shall issue to Bober & Bober, P.A.

The Parties agree and acknowledge that the amount paid to the Plaintiff was agreed to and negotiated separately from the amount paid herein for attorneys' fees and costs, and did not adversely affect his recovery.

Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the release of his FLSA and Florida Statute claims contained herein, and his fulfillment of the promises contained herein.

b. With respect to any non-wage amounts paid hereunder, Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.

Should the Defendants fail to timely and fully pay the Settlement Sum as specifically described herein, then Plaintiff shall be entitled to serve on counsel for the Company and file with

5

the U.S. District Court or a court of competent jurisdiction, an affidavit as to the existence of such default, together with an Unopposed Motion for Entry of Self-Executing Final Judgment against the Defendants for $150,000.00, less any amounts paid hereunder. Time is of the essence as to payment of the Settlement Sum. Should the Defendants fail to timely pay the settlement sums herein, the Plaintiff will be entitled to reasonable attorneys' fees and costs related to the enforcement and collection of the Defendants' payment obligations, hereunder.

4.    **NO ADMISSION**. Neither this Agreement, nor the furnishing of the consideration for this Agreement, shall be deemed or construed at any time, for any purpose, as an admission by the Defendants of any liability, unlawful conduct of any kind, or violation by the Defendants of the FLSA or Florida Statutes.

5.    **OPPORTUNITY TO REVIEW**.   Plaintiff acknowledges he is aware that he is giving up the overtime and minimum wage FLSA and Florida Statutes claims he may have against the Defendants. Plaintiff acknowledges he has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that he has consulted with his counsel-of-record, Peter Bober, Esq., prior to executing this Agreement.

6

Plaintiff signs this Agreement voluntarily.

5. **SEVERABILITY**. Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language and the payment obligations set forth in sections 2 and 3 above, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

6. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida. If action is required to enforce the terms of this Agreement, the prevailing party in any such action or proceeding shall be entitled to reasonable attorneys' fees and costs, as well as costs of collection, if applicable.

7. **ENTIRE AGREEMENT AS TO FLSA AND FLORIDA STATUES.** This Agreement sets forth the entire agreement between Plaintiff and Defendants as to settlement of the Plaintiff's FLSA and Florida Statute claims. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in

7

connection with his decision to sign this Agreement, except those set forth in this Agreement.

8.  **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PLAINTIFF HAS BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAS CONSULTED WITH HIS ATTORNEY BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT. HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF BROUGHT FLSA AND FLORIDA STATUTE CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF BROUGHT**

Doc ID: a57302e652f8ac668f4dbb0a62f32aa48101baf

**CLAIMS INTENDING TO WAIVE, SETTLE, AND RELEASE ALL FLSA AND FLORIDA STATUTE CLAIMS HE HAS AGAINST DEFENDANTS.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

_____
Mohamad Musleem

Date:   11 / 18 / 2021

_____
Eric Starr

Date: 11 / 17 / 2021

_____
Lake Kathryn Motel, LLC.

Printed name:  Mohamad Musleem
_____
Date: 11 / 18 / 2021

_____
Legacy Group of Orlando, LLC.

Printed name:  Mohamad Musleem
_____
Date: 11 / 18 / 2021

_____
Legacy Property Management of Florida, LLC.

Printed name:  Mohamad Musleem
_____
Date:  11 / 18 / 2021

Doc ID: a62f802a6592f3aca688f4db69a625626a4231b1b2f